```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
ULDERICO CALERO,
                                            02 CV 10976
                Plaintiff,
    -against-                               ANSWER

ELRAC, INC., d/b/a ENTERPRISE-RENT-A-       Jury Demand
CAR, and JESSICA ORTIZ,

                Defendants.
---------------------------------------X
```

Defendants, ELRAC, INC., d/b/a ENTERPRISE RENT-A-CAR and JESSICA ORTIZ, by their attorneys, BRAND GLICK & BRAND P.C., answering the Complaint of the plaintiff, allege as follows:

**AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION**

1. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the complaint designated "FIRST".

2. Admit each and every allegation contained in the paragraphs of the complaint designated "SECOND", "NINTH", "TENTH" and "ELEVENTH".

3. Deny each and every allegation contained in the paragraphs of the complaint designated "THIRD", "SIXTH", "SEVENTH", "FOURTEENTH", "FIFTEENTH", "SIXTEENTH" and "SIXTEENTH" (second SIXTEENTH).

4. Deny as to each and every allegation in the form alleged contained in the paragraphs of the complaint designated "FOURTH", "FIFTH", "EIGHTH", "TWELFTH" and "THIRTEENTH".

5. Denies any knowledge or information sufficient to form

a belief as to each and every allegation contained in paragraph designated "SEVENTEENTH" of the complaint and refers all questions of law to the Honorable Court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

6.   In the event that plaintiff recovers a verdict or judgment for damages herein, the amount of said verdict or judgment must be reduced by the proportion which the culpable conduct attributable to the plaintiff, including assumption of risk, bears to the culpable conduct which allegedly caused the damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

7.   That any verdict in the within action for past, present and future medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, should be reduced by the amount that any such expense has or will with reasonable certainty be replaced or indemnified in whole or in part from any collateral source, in accordance with the provisions and  of Section 4545 (c) of the CPLR.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

8.   Upon information and belief, defendant has no liability to plaintiff by reason of plaintiff having undertaken conduct such as to assume the risk of all that conduct complained of by plaintiff having flowed thereupon.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

9.   The plaintiff did not sustain serious injury as

defined by Section 5102(d) of the Insurance Law of the State of New York and plaintiff's exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

10. ELRAC, INC. is not responsible for the acts/omissions of its vehicle operator nor is it vicariously responsible for the acts/omissions of its vehicle operator pursuant to the provisions of the Federal Transportation Equity Act

WHEREFORE, defendant demands judgment dismissing the complaint herein, together with the costs and disbursements of this action; and in the event the plaintiff recovers any sum of money against the answering defendant, together with such other and further relief as is proper.

Dated:     Garden City, New York
           December 5, 2007

                              BRAND GLICK & BRAND, PC
                              Attorneys for Defendants,
                              ELRAC, INC., d/b/a
                              ENTERPRISE-RENT-A-CAR
                              and JESSICA ORTIZ

                        By:   _____
                              Robert S. Mazzuchin (3655)
                              600 Old Country Road, Ste. 440
                              Garden City, New York 11530
                              (516) 746-3500
                              Our File No.  29-5233

```
To:   The Law Offices of Daniel P. Buttafuoco
       & Associates, PLLC
      Mark T. Freeley, Esq.
      Attorneys for Plaintiff, Ulderico Calero
      144 Woodbury Road
      Woodbury, New York 11797
      516-746-8100
```

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
ULDERICO CALERO,                           Civil No.  02 CV 10976

                    Plaintiff,             FIRST SET OF
      -against-                             INTERROGATORIES

ELRAC, INC., d/b/a ENTERPRISE-RENT-A-
CAR, and JESSICA ORTIZ,

                    Defendants.
---------------------------------------X
```

S I R S :

PLEASE TAKE NOTICE, that defendants request that plaintiff answer under oath in accordance with Rule 33 of the Federal Rules of Civil Procedure, the following interrogatories and produce the following described documents in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure:

1. (a) Plaintiff's date of birth;
   (b) Plaintiff's Social Security Number.

2. Post office and residence address of each plaintiff.

3. The date and approximate time of day of the occurrence.

4. The approximate location of the occurrence.

5. The manner in which it occurred.

6. A general statement of the acts or omissions constituting the negligence claimed.  If any violation of any rule, law, custom, ordinance or statute is claimed, identify and specify the provisions of same.

7. A statement of the injuries claimed to have been sustained as a result of the occurrence, and the nature and extent thereof.

8. A statement of such injuries claimed to be permanent and the nature and extent thereof.

9. Length of time and dates confined to bed and house.

10. Length of time and dates incapacitated from employment.

11. Itemize all amounts claimed as special damages for: (a) Physicians' services; (b) Medical supplies; (c) Hospital expenses; (d) Nurses' services; (e) Loss of earnings; and, (f) All other special damages.

12. State the name and address of plaintiff's employer at the time of the occurrence, if any; nature of plaintiff's employment and amount of salary.

13. If plaintiff was self-employed at the time of the occurrence, state the facts upon which plaintiff bases his claim for loss of earnings, if any.

14. If property damages are claimed, describe the article, the damage thereto, date of purchase, original cost and cost of repair.

15. If property damage to an automobile is claimed, state the following: (a) the make, style, model year of manufacture, serial number and license number of plaintiff's motor vehicle; and (b) the parts of the motor vehicle alleged to have been damaged and the cost of repair or replacement thereof.

16. Whether it is claimed that the defendant had actual or constructive notice of the alleged defective condition.

17. If actual notice is claimed, set forth the date and to whom notice was given; if constructive notice is claimed, set forth the length of time it is alleged said condition existed.

18. State if any of the amounts in answer to Paragraph "11"

have been paid under coverage afforded by the Comprehensive Automobile Insurance Reparation Act.

19. The amount of such payment. List each item separately.

20. Name of insurance company making such payment.

21. State in what respect plaintiff will claim to have sustained (1) a "serious injury"' or (2) economic loss greater than "basic economic loss", as is required and defined under the Insurance Law, Section 5102(a) and (b).

22. State whether it is claimed that any pre-existing injury, neurological disturbance, psychiatric condition or physical condition of the plaintiff had been aggravated as a result of the occurrence. If so: (1) specify each pre-existing condition that had been aggravated; and (2) state the manner in

which each such condition had been aggravated.

Dated:   Garden City, New York
         December 5, 2007

                              BRAND GLICK & BRAND, PC
                              Attorneys for Defendants,
                              ELRAC, INC., d/b/a
                              ENTERPRISE-RENT-A-CAR
                              and JESSICA ORTIZ

                    By:       _____
                              Robert S. Mazzuchin (3655)
                              600 Old Country Road, Ste. 440
                              Garden City, New York 11530
                              (516) 746-3500
                              Our File No.  29-5233

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
ULDERICO CALERO,                            Civil No.  02 CV 10976

                    Plaintiff,        REQUEST FOR PRODUCTION
     -against-                         OF DOCUMENTS AND THINGS

ELRAC, INC., d/b/a ENTERPRISE-RENT-A-
CAR, and JESSICA ORTIZ,

                    Defendants.
---------------------------------------X
```

S I R S :

    PLEASE TAKE NOTICE, that demand is hereby made of you to serve and deliver to the undersigned, the following:

    1.  A copy of the Index Number receipt with respect to this action.

    2. A copy of the Affidavit(s) of Service stamped by the Court with respect to this action.

    3.  A list of those attorneys who have appeared in this action, together with their addresses and the names of each party for whom such attorney has appeared.

    4. A copy of any statement, written or oral, transcribed or recorded, signed or unsigned, given by or on behalf of any answering defendant serving this notice.

    5.  The names and addresses of all persons known:

        a.  To have witnessed the occurrence
        b.  To have first hand knowledge of the occurrence.
        c.  To have notice of the condition which proximately caused the occurrence.
        d.  To have given notice of any existing condition proximately causing the occurrence.

   e. To have first hand knowledge of the damages and/or injuries complained of.

 6. A copy of any written or recorded reports of the alleged occurrence prepared in the course of business operations or practices of any person or entity.

 7. All photographs of:

   a. Each Plaintiff, showing the injuries or the effects thereof, allegedly sustained as a result of the occurrence herein.

   b. The condition of the scene to be alleged to represent the scene at the time of the occurrence and intended to be introduced at the trial.

   c. The vehicle of any and all parties showing the extent of damages, if any, to the vehicle following the alleged occurrence.

   d. Any instrumentalities involved in the alleged occurrence.

 8. Duly executed and acknowledged authorizations from each plaintiff permitting the undersigned or their representatives to examine and make copies of the no-fault file maintained by any person or entity arising out of any claim for no-fault benefits relative to the occurrence herein.

 9. Copies of all reports of all physicians and others who examined, attended, cared for and treated the plaintiff for the injuries and conditions and aggravations for which damages are claimed in this lawsuit, specifying in full said injuries and conditions, the dates of visits and fees therefore.

 10. Duly executed and acknowledged authorizations permitting the undersigned to obtain copies of all hospital records, and to examine the x-rays thereof, where the injured plaintiff were examined, attended, treated and/or confined following the said occurrence.

 11. Duly executed and acknowledged authorizations permitting the undersigned or their representatives to examine and make copies of the records of all physicians and others who examined, attended, cared for and treated the plaintiff for the injuries and conditions and aggravations for which damages are claimed in this lawsuit, including actual x-rays, test data and interpretations, consultations, diagnoses, prognoses and medical history.

12. Duly executed and acknowledged authorizations permitting the undersigned or their representatives to examine and make copies of records of all physicians, hospitals and others who examined, attended, cared for and treated the injured plaintiff prior to the alleged occurrence involved in this lawsuit for injuries and conditions to the same parts of the body allegedly injured in said occurrence.

13. If plaintiff are claiming lost earnings, duly executed and acknowledged authorizations permitting the undersigned or their representatives to examine and make copies of plaintiff' employment records relevant to the above action. Demand is also made for a copy of plaintiff' W-2 forms and income tax returns for the three years preceding the occurrence and the year of the occurrence itself, discoverable under Rule 3120 of the CPLR and the cases of <u>Gillian v. Lepone</u>, 295 N.Y.S.2d 955 and <u>Ortiz v. Mary Immaculate Hospital</u>, 368 N.Y.S.2d 57.

14. If plaintiff are claiming any disabilities following the occurrence, duly executed and acknowledged authorizations permitting the undersigned or their representatives to examine and make copies of plaintiff' employment records and/or school records which relate to attendance, medical history, treatment and examinations by all physicians, nurses, hospitals and others.

15. Pursuant to CPLR 4545, copies of any and all books, records, bills, insurance applications, insurance receipts, checks, cancelled checks and any and all other records pertaining to collateral source reimbursements received by plaintiff or on behalf of plaintiff for the special damages alleged in the instant lawsuit.

16. Pursuant to CPLR 4545, duly executed authorizations permitting the defendants to obtain the records of any person, institution, facility or governmental agency which has provided or will provide any reimbursement for any of the special damages alleged herein, whether or not such person, organization, facility or governmental agency has been listed in response to Paragraph "13" above.

PLEASE TAKE FURTHER NOTICE that pursuant to CPLR 2l03(5), the offices BRAND GLICK & BRAND, ESQS., will not accept service of papers by facsimile (FAX) transmittal or other electronic means.

PLEASE TAKE FURTHER NOTICE, that the within demands are

continuing. In the event of your failure to comply with this demand within twenty (20) days hereof, this defendant will exercise its rights pursuant to the Civil Practice Law and Rules and Rules of the Appellate Division, to preclude you from offering any evidence at the trial of this action with respect to

the foregoing demands.

Dated:   Garden City, New York
         December 5, 2007

                              BRAND GLICK & BRAND, PC
                              Attorneys for Defendants,
                              ELRAC, INC., d/b/a
                              ENTERPRISE-RENT-A-CAR
                              and JESSICA ORTIZ

                    By:       _____
                              Robert S. Mazzuchin (3655)
                              600 Old Country Road, Ste. 440
                              Garden City, New York 11530
                              (516) 746-3500
                              Our File No.  29-5233

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
ULDERICO CALERO,                              Civil No.  02 CV 10976
                                              **DEMAND FOR EXPERT**
                    Plaintiff,                **WITNESSES**

      -against-

ELRAC, INC., d/b/a ENTERPRISE-RENT-A-
CAR, and JESSICA ORTIZ,

                    Defendants.
---------------------------------------X
```

Pursuant to the Federal Rules of Civil Procedure, you are hereby required to provide the answering party herein with the following information:

1. The name and address of each person who will be called as an expert witness at the trial.

2. The subject matter on which each expert is expected to testify.

3. The substance of the facts and opinions on which each expert is expected to testify.

4. The qualifications of each expert witness.

5. A summary of the grounds for each expert's opinion.

Dated:   Garden City, New York
         December 5, 2007

                              BRAND GLICK & BRAND, PC
                              Attorneys for Defendants,
                              ELRAC, INC., d/b/a
                              ENTERPRISE-RENT-A-CAR
                              and JESSICA ORTIZ

                         By:  _____
                              Robert S. Mazzuchin (3655)
                              600 Old Country Road, Ste. 440
                              Garden City, New York 11530
                              (516) 746-3500
                              Our File No.  29-5233

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
ULDERICO CALERO,                              Civil No.  02 CV 10976

                    Plaintiff,           **NOTICE FOR DEPOSITIONS**
     -against-

ELRAC, INC., d/b/a ENTERPRISE-RENT-A-
CAR, and JESSICA ORTIZ,

                    Defendants.
----------------------------------------X
```

S I R S:

    PLEASE TAKE NOTICE, that pursuant to the applicable provisions of the Federal Rules of Civil Procedure and Rules of this Court, the undersigned will take the testimony of the adverse parties, in the following manner:

    Before    :    A Notary Public

    At    :    THE COURTHOUSE -
                    U.S. DISTRICT COURT/SOUTHERN DISTRICT

    On    :    March 5, 2008 at: 10:00 A.M.

upon all of the relevant facts and circumstances surrounding the accident which is the subject of this action, including negligence, contributory negligence and damages; and for the purposes authorized by the provisions of the Federal rules of Civil Procedure, said adverse party is required to produce at such examination, the following:  Any and all reports, memoranda, documents or other writings, pertaining to the matter in

controversy, in defendant/plaintiff's possession and/or control.

Dated:    Garden City, New York
          December 5, 2007

                                        BRAND GLICK & BRAND, PC
                                        Attorneys for Defendants,
                                        ELRAC, INC., d/b/a
                                        ENTERPRISE-RENT-A-CAR
                                        and JESSICA ORTIZ

                                By: _____
                                        Robert S. Mazzuchin (3655)
                                        600 Old Country Road, Ste. 440
                                        Garden City, New York 11530
                                        (516) 746-3500
                                        Our File No.   29-5233

**ATTORNEY'S AFFIRMATION**

ROBERT S. MAZZUCHIN, an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms to the truth under the penalties of perjury:

That I am a principal in the law firm of BRAND GLICK & BRAND P.C., the attorneys for defendants in the within action; that affiant has read the foregoing ANSWER and knows the contents thereof; that the same is true to affiant's own knowledge, except as to those matters therein stated to be alleged on information and belief and that those matters affiant believes to be true. Affiant further says that the reason this Affirmation is not by defendants is that they do not reside within the County wherein affiant maintains his office.

The grounds of affiant's belief as to all matters not stated upon affiant's knowledge are as follows: statements of the defendants and affiant's own general investigation into the facts and circumstances of this action.

DATED:   Garden City, New York
         December 5, 2007

                                    _____
                                    ROBERT S. MAZZUCHIN (3655)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                     ss.:
COUNTY OF NASSAU     )

    **Cathy Janelle**, being duly sworn, deposes and says:

    Deponent is not a party to this action, is over 18 years of age and resides at Nassau County, New York.

    That on the 5th day of December, 2007, deponent served the within: **ANSWER, ATTORNEY AFFIRMATION, FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS, DEMAND FOR EXPERT WITNESSES and NOTICE FOR DEPOSITIONS** upon:

    The Law Offices of Daniel P. Buttafuoco & Associates, PLLC
    Mark T. Freeley, Esq.
    Attorneys for Plaintiff, Ulderico Calero
    144 Woodbury Road
    Woodbury, New York 11797
    516-746-8100

the address designated for that purpose, by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State.

                                                _____
                                                CATHY JANELLE

Sworn to before me this
5th day of December, 2007

_____
**Notary Public**

```
CIVIL NO.07 CV 10976

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
ULDERICO CALERO,

                    Plaintiff,

    -against-

ELRAC, INC., d/b/a ENTERPRISE-RENT-A-CAR, and JESSICA ORTIZ,


                    Defendants.
-------------------------------------------------------

     ANSWER, ATTORNEY AFFIRMATION, FIRST SET OF INTERROGATORIES,
   REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS, DEMAND FOR EXPERT
                WITNESSES and NOTICE FOR DEPOSITIONS
-------------------------------------------------------


                         BRAND GLICK & BRAND
                      Attorneys for Defendants,
         ELRAC, INC., d/b/a ENTERPRISE-RENT-A-CAR and JESSICA ORTIZ
                    600 Old Country Road, Suite 440
                      Garden City, New York  11530
                             (516) 746-3500
                        Our File No. : 29-5233
-------------------------------------------------------


To:  Mark T. Freeley, Esq.
     Attorneys for Plaintiff, Ulderico Calero
     144 Woodbury Road
     Woodbury, New York 11797
```